UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANGELA STEWART, and others similarly situated employees, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:14-CV-310-TAV-HBG ) |
| ELAVON, INC., | ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of the Chief District Judge [Doc. 32].

Now before the Court is the Joint Motion to Approve FLSA Settlement and to Dismiss Plaintiff's Claims with Prejudice and Request for Order Re Tolling of Putative Class Members [Doc. 30]. For the reasons more fully stated below, the undersigned **RECOMMENDS** that the Joint Motion to Approve FLSA Settlement and to Dismiss Plaintiff's Claims with Prejudice and Request for Order Re Tolling of Putative Class Members [Doc. 30] be **GRANTED IN PART AND DENIED IN PART.**

I.  **BACKGROUND**

Plaintiff filed this suit on July 7, 2014, alleging that she worked for the Defendant for approximately nine years, most recently as a small merchant account underwriter. As a small merchant account underwriter, the Plaintiff alleges that she was paid $27,000 per year. The Complaint alleges that the Plaintiff and other underwriters worked regularly and repeatedly in excess of forty hours a week. While at one time the Defendant required its employees to clock in and out, by the time the Plaintiff was separated from her employment, the Defendant allegedly

did not maintain accurate records of the hours underwriters worked. In sum, the Complaint states that the underwriters were all subject to the Defendant's policy of intentionally or recklessly misclassifying them as exempt employees. [Doc. 1].

The Defendant filed an Answer on August 25, 2014, [Doc. 4] denying liability. Subsequently, on September 25, 2014, the Plaintiff filed a Motion for Conditional Certification, Expedited Discovery, and Court-Authorized Notice [Doc. 11]. The parties later filed a Joint Motion for Stay and Conditional Certification [Doc. 20]. The parties requested that the Court enter a Consent Order conditionally certifying the matter as a collective action pursuant to Section 16(b) for a class of all current and former employees of the Defendant who performed similar jobs as the Plaintiff from July 7, 2011, to the present. The District Court granted the Joint Motion [Doc. 21]. This Court later approved [Doc. 23] the parties' Notice and Consent to Join Form. After completing the Notice process, the parties jointly decided that settling the case would be worthwhile. [Doc. 24].

## II. POSITION OF THE PARTIES

As mentioned above, the parties now request the Court to approve their Confidential Settlement Agreement.[1] The parties state that the Notice of Right to Join Lawsuit and Consent to Join Lawsuit were both sent to all Defendant's current and former employees who held job positions of Credit Analyst 1, 2 or 3, with credit authority levels of "A" through "F", from July 7, 2011, to January 20, 2015. After no opt-ins were received from any putative class member, the parties decided to resolve the case.

The Joint Motion states that during litigation and the settlement, both parties were represented by experienced counsel and that the settlement negotiation is the result of a bona fide compromise between the parties on a variety of disputes of law and fact. In addition, the Motion

---

[1] The parties filed their confidential Settlement Agreement [Doc. 31] under seal.

states that the parties agree that a bona fide factual and legal dispute exists regarding whether the Plaintiff was an exempt employee for purposes of the FLSA overtime requirement. The parties assert that the Settlement Agreement is fair and reasonable under the circumstances and that the settlement amount is sufficient to compensate Plaintiff for all the wages she claims she is owed by the Defendant.

**III. ANALYSIS**

The Court's approval of settlements is only required in certain circumstances. Courts must ensure that the settlement of the FLSA claim is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). The compromise regarding the FLSA claim should "reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." Id.

In the instant case, the Court has reviewed the Settlement Agreement in this case and finds that it is fair and reasonable. The Court notes that both parties are represented by counsel and that both parties acknowledge that a bona fide factual and legal dispute exists regarding whether the Plaintiff was an exempt employee. The Plaintiff is spared the burden of proving her claims and damages to a jury, and she is being fairly compensated with the wages of which she was allegedly deprived. Moreover, the Court finds that the settlement resolves a bona fide dispute over FLSA provisions. The parties' pleadings demonstrate that both parties were prepared to vigorously advocate for their positions. Accordingly, the Court finds that the parties' settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355.

The parties' joint Motion also requests that the Court enter an order "clarifying that the claims for those individuals who were sent FLSA Notice and elected not to opt-in were not tolled." The Court declines to issue a ruling affecting individuals who are not part of the instant litigation.

Finally, the parties also request the Court's permission to file the settlement agreement under seal for *in camera* review. The parties state that they wish to "preserve its confidentiality." With respect to the confidentiality of FLSA settlements, the Western District of Tennessee recently explained: "[A]ny ostensible "privacy" right that would be invaded by virtue of publishing the settlement agreement pales in companion to both the purpose of the FLSA and the presumption of public access to any judicial document." Steele v. Staffmark Investments, LLC, No. 16-cv-2069, 2016 WL 1156744, at *5 (W.D. Tenn. Mar. 23, 2016); see also Nutting v. Unilever Mfg., Inc., No. 2:14-cv-22339, 2014 WL 2959481, at *5 (W.D. Tenn. June 13, 2014) (noting that "the Court 'joins the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access'") (quoting Joo v. Kitchen Tables, Inc., 763 F. Supp. 2d 643, 647 (S.D. N.Y. 2011)). The parties have not submitted any reason as to why the Settlement Agreement should be placed under seal. Accordingly, the parties' request to file the Settlement Agreement under seal is not well-taken, and it is denied.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[2] that the Motion for Approval of FLSA Settlement and for Dismissal of Case With Prejudice be **GRANTED IN PART AND DENIED IN PART [Doc. 30].** The Court **RECOMMENDS** that the Settlement Agreement be **APPROVED** but that it not be placed under seal.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).